UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO.

JASON DASILVA,
          PLAINTIFF

VS.                                       COMPLAINT

RAUL CAMARA AND
NICHOLAS SOULE,
IN THEIR INDIVIDUAL
CAPACITIES,
          DEFENDANTS

<u>PARTIES</u>

1. The Plaintiff is a resident of Fall River, Bristol County, Massachusetts.

2. The Defendant, Raul Camara, (hereinafter referred to as "Camara"), is and was, at all times described herein, employed by the City of Fall River, as a police officer in the City of Fall River Police Department; and, this action is brought against him in his individual capacity, for acts which he committed under color of law, in the course of his said employment as a police officer.

3. The Defendant, Nicholas Soule, (hereinafter referred to as "Soule"), is and was, at all times described herein, employed by the City of Fall River, as a police officer in the City of Fall River Police Department; and, this action is brought against him in his individual capacity, for acts which he committed under color of law, in the course of his said employment as a police officer.

JUSRISDICTION

4. This complaint seeks relief, pursuant to section 1983 of Title 42 of the United States Code,

based upon violations of rights guaranteed to the Plaintiff, under the 1st, 4th and 14th

Amendments to the Constitution of the United States, as to which jurisdiction resides in this

Court, pursuant to sections 1331 and 1343 of Title 28 of the United States Code. Further,

supplemental jurisdiction exists in this Court over the Plaintiff's claims under state law, as stated

herein, pursuant to section 1367 of Title 28 of the United States Code.

FACTS COMMON TO ALL COUNTS

5. On or about June 14, 2021, the Plaintiff was lawfully on premises owned by him, consisting of

a garage and driveway, located in Fall River, Bristol County, Massachusetts.

6. At that time and place, Camara and Soule arrived at that location, in the course of their

employment as officers of the Fall River Police Department, and walked onto the driveway of

said premises, opened the closed door of said garage and entered it, without any warrant, without

knocking and announcing their presence, without any other lawful authority to do so and without

permission from the Plaintiff allowing them to do so. Upon the Plaintiff, who was present in said

garage, becoming aware that Camara and Soule had entered onto said premises and into said

garage, the Plaintiff lawfully and as of right, in reaction to the sudden, unexpected appearance in

the garage of Camara and Soule, demanded that they leave those premises immediately, by

lawfully using the expressive language that they "get the fuck out."

7. In retaliation to the Plaintiff lawfully demanding that Camara and Soule immediately leave those premises, by the use of said expressive language, Camara unlawfully, in violation of clearly established law, physically seized the Plaintiff, handcuffed him and informed him that he was being arrested on a charge of disturbing the peace, despite having no probable cause to believe that the Plaintiff had committed that or any other crime, and did so for the unlawful purpose of punishing the Plaintiff for exercising his lawful right to demand that Camara and Soule leave the Plaintiff's said property, by the use of said expressive language. In addition, Soule assisted in effectuating said seizure and arrest of the Plaintiff by failing to intervene and prevent said actions of Camara, despite having a duty to do so and knowing that no probable cause existed to support such seizure and arrest and that Camara was unlawfully making that seizure and arrest to punish the Plaintiff for exercising his lawful right to demand that Camara and Soule immediately leave the premises, by the use of said expressive language.

8. Upon the Plaintiff being placed under arrest, he was placed in a police vehicle by Camara and transported to the Fall River police station by Camara. Upon arrival at the police station, Camara brought the Plaintiff into the police station and placed him in a cell, where he unlawfully was held, until being transported to the Fall River District Court, approximately 7 to 8 hours later, on the morning of 06/14/2021, where he was arraigned and released on his personal recognizance, on a criminal complaint issued against him charging him with having disturbed the peace, in violation of Massachusetts General Laws Chapter 272, sec. 53.

9. Said criminal complaint had been issued upon the basis of a false police report, written and signed by Camara, under "the pains and penalties of perjury", in which he falsely alleged that the

Plaintiff had been arrested because the Plaintiff had voluntarily left the garage, walked onto the driveway and engaged in yelling at Camara and Soule so loudly as to disturb the peace. Camara wrote said false allegations, knowing that they were false and would be used to obtain the issuance of a criminal complaint against the Plaintiff, and did so with the specific intent to punish the Plaintiff for having exercised his lawful right to demand that Camara and Soule leave the said premises, by the use of said expressive language.

10. Subsequently, on or about August 16, 2021, said criminal complaint was ordered dismissed by a judge of the Fall River District Court, at the "Request of the Commonwealth", for "Failure to Prosecute".

11. As a direct and proximate result of said actions by Camara and Soule, the Plaintiff was caused to be deprived of his rights to free speech and to be free from unreasonable searches and seizures, to be subjected to the physical suffering of being physically seized, placed in handcuffs and held in custody until released by the Court, approximately 8 hours later, and to suffer the severe emotional distress, fear, humiliation and embarrassment due to being unlawfully arrested, confined to a cell and falsely charged with a criminal offense.

## COUNT I - LIABILITY UNDER 42 U.S.C. 1983 (CAMARA)

12. The Plaintiff realleges and incorporates paragraphs 1 through 11 of this Complaint in this Count I by reference.

13. The said actions of Camara constituted violations, under color of law, of the Plaintiff's rights to freedom of speech, to be free from unreasonable searches and seizures and to due process of law, as guaranteed to him under the 1st, 4th and 14th Amendments to the Constitution of the United States.

14. Camara is liable to the Plaintiff for said violations of the Plaintiff's rights and damages resulting therefrom plus punitive damages, interest, costs and attorney fees, pursuant to Sections 1983 & 1988 of Title 42 of the United States Code.

COUNT II - LIABILITY UNDER MASSACHUSETTS CIVIL RIGHTS ACT (CAMARA)

15. The Plaintiff realleges and incorporates paragraphs 1 through 14 of this Complaint in this Count II by reference.

16. The said actions of Camara, in addition to constituting said violations of the Plaintiff's rights under the 1st, 4th and 14th Amendments to the Constitution of the United States, also constituted violations of the Plaintiff's rights to due process of law, to be free from unreasonable searches and seizures and to freedom of speech, as guaranteed to the Plaintiff under Articles 1, 10, 12, 14 and 16 of the Declaration of Rights of the Constitution of Massachusetts; and, said violations of the Plaintiff's said federal and state constitutional rights took place through intimidation and/or coercion on the part of Camara, within the meaning of Sections 11H and 11I of Chapter 12 of the Massachusetts General Laws, and were intended by Camara to interfere with the Plaintiff's enjoyment of said rights.

17. Camara is liable to the Plaintiff for said violations of the Plaintiff's rights and damages resulting therefrom plus interest, costs and attorney fees, pursuant to Section 11I of Chapter 12 of the Massachusetts General Laws.

## COUNT III - FALSE ARREST (CAMARA)

18. The Plaintiff realleges and incorporates paragraphs 1 through 17 of this Complaint in this Count III by reference.

19. The said actions of Camara constituted a false arrest of the Plaintiff, under the common law of the Commonwealth of Massachusetts, for which Camara is liable to the Plaintiff for damages plus interest and costs.

## COUNT IV - MALICIOUS PROSECUTION (CAMARA)

20. The Plaintiff realleges and incorporates paragraphs 1 through 19 of this Complaint in this Count IV by reference.

21. The said actions of Camara of arresting and causing a criminal complaint to be issued against the Plaintiff, knowing that probable cause did not exist to support said complaint, constituted malicious prosecution of the Plaintiff, under the common law of the Commonwealth of Massachusetts, for which Camara is liable to the Plaintiff for damages plus interest and costs.

## COUNT V - ABUSE OF PROCESS (CAMARA)

22. The Plaintiff realleges and incorporates paragraphs 1 through 21 of this Complaint in this Count V by reference.

23. The said actions of Camara of arresting and causing a criminal complaint to be issued against the Plaintiff, knowing that probable cause did not exist to support said complaint and doing so for the unlawful purpose of punishing and injuring the Plaintiff, constituted abuse of process, under the common law of the Commonwealth of Massachusetts, for which Camara is liable to the Plaintiff for damages plus interest and costs.

## COUNT VI - ASSAULT & BATTERY (CAMARA)

24. The Plaintiff realleges and incorporates paragraphs 1 through 23 of this Complaint in this Count VI by reference.

25. The said actions of Camara of physically seizing and handcuffing the Plaintiff without any lawful right to do so constituted the commission of an assault and battery upon the Plaintiff, under the common law of the Commonwealth of Massachusetts, for which Camara is liable to the Plaintiff for damages plus interest and costs.

## COUNT VII - TRESPASS (CAMARA)

26. The Plaintiff realleges and incorporates paragraphs 1 through 25 of this Complaint in this Count VII by reference.

27. The said actions of Camara of unlawfully entering upon the said premises of the Plaintiff constituted the commission of a trespass upon the Plaintiff's said property, under the common law of the Commonwealth of Massachusetts, for which Camara is liable to the Plaintiff for damages plus interest and costs.


COUNT VIII - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (CAMARA)

28. The Plaintiff realleges and incorporates paragraphs 1 through 27 of this Complaint in this Count VIII by reference.


29. The said actions of Camara constituted extreme and outrageous conduct, which Camara knew or should have known was likely to cause the Plaintiff to suffer severe emotional distress and which, in fact, caused the Plaintiff to suffer severe emotional distress, such as to constitute the intentional infliction of emotional distress on the Plaintiff, under the common law of the Commonwealth of Massachusetts, for which Camara is liable to the Plaintiff for damages plus interest and costs.


COUNT IX - LIABILITY UNDER 42 U.S.C. 1983 (SOULE)

30. The Plaintiff realleges and incorporates paragraphs 1 through 29 of this Complaint in this Count IX by reference.


31. The said actions of Soule constituted violations, under color of law, of the Plaintiff's rights to freedom of speech, to be free from unreasonable searches and seizures and to due process of law,

as guaranteed to him under the 1st, 4th and 14th Amendments to the Constitution of the United

States.

32. Soule is liable to the Plaintiff for said violations of the Plaintiff's rights and damages

resulting therefrom plus punitive damages, interest, costs and attorney fees, pursuant to Sections

1983 & 1988 of Title 42 of the United States Code.

COUNT X - LIABILITY UNDER MASSACHUSETTS CIVIL RIGHTS ACT (SOULE)

33. The Plaintiff realleges and incorporates paragraphs 1 through 32 of this Complaint in this

Count X by reference.

34. The said actions of Soule, in addition to constituting said violations of the Plaintiff's rights

under the 1st, 4th and 14th Amendments to the Constitution of the United States, also constituted

violations of the Plaintiff's rights to due process of law, to be free from unreasonable searches

and seizures and to freedom of speech, as guaranteed to the Plaintiff under Articles 1, 10, 12, 14

and 16 of the Declaration of Rights of the Constitution of Massachusetts; and, said violations of

the Plaintiff's said federal and state constitutional rights took place through intimidation and/or

coercion on the part of Soule, within the meaning of Sections 11H and 11I of Chapter 12 of the

Massachusetts General Laws, and were intended by Soule to interfere with the Plaintiff's

enjoyment of said rights.

35. Soule is liable to the Plaintiff for said violations of the Plaintiff's rights and damages resulting therefrom plus interest, costs and attorney fees, pursuant to Section 11I of Chapter 12 of the Massachusetts General Laws.


## COUNT XI - FALSE ARREST (SOULE)

36. The Plaintiff realleges and incorporates paragraphs 1 through 35 of this Complaint in this Count XI by reference.


37. The said actions of Soule constituted a false arrest of the Plaintiff, under the common law of the Commonwealth of Massachusetts, for which Soule is liable to the Plaintiff for damages plus interest and costs.


## COUNT XII - ASSAULT & BATTERY (SOULE)

38. The Plaintiff realleges and incorporates paragraphs 1 through 37 of this Complaint in this Count XII by reference.


39. The said actions of Soule of failing to intervene, despite having a duty to do so, to prevent Camara from physically seizing and handcuffing the Plaintiff without any lawful right to do so, constituted the commission of an assault and battery upon the Plaintiff, under the common law of the Commonwealth of Massachusetts, for which Soule is liable to the Plaintiff for damages plus interest and costs.

COUNT XIII - TRESPASS (SOULE)

40. The Plaintiff realleges and incorporates paragraphs 1 through 39 of this Complaint in this Count XIII by reference.

41. The said actions of Soule of unlawfully entering upon the said premises of the Plaintiff constituted the commission of a trespass upon the Plaintiff's said property, under the common law of the Commonwealth of Massachusetts, for which Soule is liable to the Plaintiff for damages plus interest and costs.

COUNT XIV - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (SOULE)

42. The Plaintiff realleges and incorporates paragraphs 1 through 41 of this Complaint in this Count XIV by reference.

43. The said actions of Soule of failing to intervene, despite having a duty to do so, to prevent Camara from physically seizing, handcuffing and arresting the Plaintiff without any lawful right to do so, constituted extreme and outrageous conduct, which Soule knew or should have known was likely to cause the Plaintiff to suffer severe emotional distress and which, in fact, caused the Plaintiff to suffer severe emotional distress, such as to constitute the intentional infliction of emotional distress on the Plaintiff, under the common law of the Commonwealth of Massachusetts, for which Soule is liable to the Plaintiff for damages plus interest and costs.

RELIEF REQUESTED

Wherefore, the Plaintiff respectfully requests that:

(a) as to Count I, the Plaintiff be awarded judgment against Camara, pursuant to 42 U.S.C. section 1983, for compensatory damages plus punitive damages, interest, costs and attorney fees;

(b) as to Count II, the Plaintiff be awarded judgment against Camara, pursuant to Massachusetts General Laws Chapter 12, section 11I, for compensatory damages plus interest, costs and attorney fees;

(c) as to Count III, the Plaintiff be awarded judgment against Camara, pursuant to the common law of Massachusetts, for compensatory damages plus interest and costs;

(d) as to Count IV, the Plaintiff be awarded judgment against Camara, pursuant to the common law of Massachusetts, for compensatory damages plus interest and costs;

(e) as to Count V, the Plaintiff be awarded judgment against Camara, pursuant to the common law of Massachusetts, for compensatory damages plus interest and costs;

(f) as to Count VI, the Plaintiff be awarded judgment against Camara, pursuant to the common law of Massachusetts, for compensatory damages plus interest and costs;

(g) as to Count VII, the Plaintiff be awarded judgment against Camara, pursuant to the common law of Massachusetts, for compensatory damages plus interest and costs;

(h) as to Count VIII, the Plaintiff be awarded judgment against Camara, pursuant to the common law of Massachusetts, for compensatory damages plus interest and costs;

(i) as to Count IX, the Plaintiff be awarded judgment against Soule, pursuant to 42 U.S.C. section 1983, for compensatory damages plus punitive damages, interest, costs and attorney fees;

(j) as to Count X, the Plaintiff be awarded judgment against Soule, pursuant to Massachusetts General Laws Chapter 12, section 11I, for compensatory damages plus interest, costs and attorney fees;

(k) as to Count XI, the Plaintiff be awarded judgment against Soule, pursuant to the common law of Massachusetts, for compensatory damages plus interest and costs;

(l) as to Count XII, the Plaintiff be awarded judgment against Soule, pursuant to the common law of Massachusetts, for compensatory damages plus interest and costs;

(m) as to Count XIII, the Plaintiff be awarded judgment against Soule, pursuant to the common law of Massachusetts, for compensatory damages plus interest and costs;

(n) as to Count XIV, the Plaintiff be awarded judgment against Soule, pursuant to the common law of Massachusetts, for compensatory damages plus interest and costs.

<u>DEMAND FOR JURY TRIAL</u>

The Plaintiff demands a trial by jury as to all Counts contained in this Complaint.

BY PLAINTIFF'S ATTORNEY,
<u>/s/ Paul W. Patten</u>
SUITE 221
56 NORTH MAIN STREET
FALL RIVER, MA 02720
(508)672-3559
BBO #391400
paulpatten@comcast.net

<u>DATED</u>: 10/04/2021